PER CURIAM.
The only substantial question raised by the appellant upon this appeal is as to the sufficiency of the evidence to support the finding of the jury. The appellant was found guilty, adjudicated and sentenced to two years in the State Prison for statutory arson as set forth in § 806.06, Fla.Stat., F. S.A.[1]
The evidence revealed a fire of such a type and intensity as to suggest to qualified experts an incendiary origin. The defendant was proved to have had the opportunity and the motive. In addition, defendant was proved to be something of an expert on the collection of claims for fire damage by his prior experience in that matter upon previous business ventures. Evidence indicated that the appellant was at the scene fifteen minutes before the discovery of the fire which was already in an advanced state at the time of discovery. It was proved that traces of accelerants were present in the debris after the fire.
We think that the evidence, while entirely circumstantial, was such that the only reasonable deduction therefrom was the guilt of the appellant. This conclusion is to the exclusion of every other reasonable hypothesis. See Williams v. State, Fla.1962, 143 So.2d 484.
Affirmed.

. Section 806.06, Fla.Stat., F.S.A. reads as follows:
“Burning to defraud the insurer
Any person who willfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who causes to be burned or who aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person against loss or damage by fire, shall be guilty of a felony and upon conviction thereof, be punished by imprisonment in the state prison for not more than five years.”